UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JULIO CESAR SILVA RODRIGUEZ, No. 5:26-cv-04426-JDE

    Petitioner,

    v.    ORDER REGARDING PETITION

MARKWAYNE MULLIN, et al.,

    Respondents.

## I.

## INTRODUCTION

On August 6, 2026, Julio Cesar Silva Rodriguez ("Petitioner"), through counsel, filed a 592-page Petition for Writ of Habeas Corpus, alleging that Respondents "continue to detain him pursuant to a custody determination that failed to provide the constitutionally required individualized adjudication." Dkt. 1 ("Petition" or "Pet.") ¶ 6. This is the third federal habeas petition Petitioner has brought challenging his detention by immigration authorities and the second challenging a July 21, 2026 bond decision. See Silva Rodriguez v. Mullin, et al., Case No. 5:26-cv-03631-JDE (C.D. Cal.); Silva Rodriguez v. Mullin, Case No. 5:26-cv-04101-JDE (C.D. Cal.) ("Second Action"). Petitioner did not list either in the Civil Cover Sheet and he did not file a Notice of

Related Cases as required by C.D. Local Rule 83-1-3.1, even though the Petition challenges the same July 21, 2026 bond decision as he challenged in the Second Action. The instant action was filed three days after the Second Action was denied for failure to exhaust administrative remedies. Petitioner maintains that "[f]ollowing this Court's prior proceedings, [he] received an individualized custody hearing before an Immigration Judge." Pet. ¶ 3. He claims the instant Petition "challenges a new and continuing constitutional injury," "does not seek reconsideration of the constitutional questions previously presented to this Court," and "[t]he procedural posture of this case is materially different from that presented in the prior habeas proceedings." Id. ¶¶ 2, 172. He does not identify the bond decision at issue in the Petition, but a review of the Immigration Judge's ("IJ") decision attached to the Petition reflects that Petitioner is, in fact, challenging the same bond decision he previously challenged less than a month ago.

For the reasons discussed below, the Petition is dismissed under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

## II.

## DISCUSSION

A habeas petition brought under Section 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under § 2254); Lane v. Feather, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss a Section 2241 petition). Accordingly, pursuant to Rule 4 of the Habeas Rules, the Court is required to "promptly examine" the Petition and, "[i]f it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief," the Court "must dismiss the petition."

As noted, Petitioner challenges the July 21, 2026 bond denial, as he did in the Second Action. See Dkt. 1-2. Petitioner filed the Second Action the day after the IJ's bond decision, instead of waiting to pursue an appeal through the Board of Immigration Appeals ("BIA"). On August 3, 2026, the Court denied the Second Action and dismissed it without prejudice for failure to exhaust administrative remedies. See Second Action, Dkt. 10-11. Three days later, Petitioner now claims he "challenges the legality of his continuing detention following the completion of administrative custody proceedings," arguing that he timely appealed the IJ's decision to the BIA. Pet. ¶¶ 10, 79, 171. Petitioner once again maintains he has "pursued every meaningful administrative remedy available to challenge his continued detention" (id. ¶ 78; Second Action, Dkt. 1 ¶ 45), but provides no evidence to support this contention. At the same time, he argues that "[t]he continuing constitutional injury is compounded by [his] ongoing detention while administrative custody review proceeds over a period of months" and reasserts the exhaustion requirement should be excused. Id. ¶¶ 19, 83, 92. Petitioner does not explain how he has now fully exhausted his administrative remedies only days after the dismissal of the Second Action. The Executive Office of Immigration Review's ("EOIR") automated case information does not reflect an appeal having been filed with the BIA (see EOIR Automated Case Information at https://acis.eoir.justice.gov/en/), and Petitioner has not presented any evidence demonstrating he filed an appeal or that the BIA has issued a ruling. Tellingly, Petitioner does not challenge the BIA's decision on appeal; he challenges the IJ's decision, as he previously did. To the extent Petitioner is claiming that the mere filing of an appeal to the BIA exhausts his administrative remedies (see id. ¶ 186 ("even if administrative relief was ultimately granted"), ¶ 265 ("[e]ven if Petitioner ultimately prevails

before the Board of Immigration Appeals"), he is mistaken. The mere filing of an appeal without further pursuit or obtaining a decision does not exhaust administrative remedies.

As Petitioner has not demonstrated he has exhausted his administrative remedies or that circumstances have materially changed since the Second Action was dismissed, the instant Petition is denied.

## III.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition without prejudice.

Dated: **AUGUST 11, 2026**

_____
JOHN D. EARLY
United States Magistrate Judge

4